﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200803-101097
DATE: November 30, 2020

ORDER

Entitlement to an earlier effective date than October 22, 2019 for the grant of special monthly pension (SMP), based on the need for aid and attendance is denied.

FINDINGS OF FACT

1. On October 17, 2018, VA received a VA Form 21-0966, Intent to File a Claim for Compensation; the form marked the box for “Survivors Pension and/or Dependency and Indemnity Compensation (DIC)” but did not identify the benefit sought.

2. In November 2018 correspondence, VA notified the appellant of how to submit a formal claim for compensation.

3. On October 22, 2019, more than one year after receipt of the October 17, 2018, Intent to File a Claim for Compensation, VA received the appellant’s formal claim of SMP for aid and attendance.

CONCLUSION OF LAW

The criteria are not met for an effective date prior to October 22, 2019, for the grant of SMP for aid and attendance. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.1, 3.155, 3.402.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 1943 to April 1946 and from March 1951 to June 1953. The Veteran died in October 1999. The appellant is his surviving spouse.

The rating decision on appeal was issued in June 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the October 2020 VA Form 10182, Decision Review Request: Board Appeal, the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to an earlier effective date than October 22, 2019 for the grant of SMP for aid and attendance

The appellant argues that she is entitled to an effective date of October 17, 2018, the date she submitted her Intent to File a Claim. She maintains that her later claim for SMP for aid and attendance was self-dated on October 17, 2019 before a year had elapsed, even-though VA did not receive her formal claim until October 22, 2019. Following a review of the record, the Board finds that assignment of an earlier effective date for SMP for aid and attendance is not warranted.

Awards of pension, compensation, or dependency and indemnity compensation to or for a surviving spouse will be as follows for aid and attendance and housebound benefits. (1) Date of receipt of claim or date entitlement arose, whichever is later. 38 C.F.R. § 3.402 (c)(1). However, when an award of dependency and indemnity compensation (DIC) or pension benefits based on an original or reopened claim is effective for a period prior to date of receipt of the claim, any additional DIC benefits payable to the surviving spouse by reason of need for aid and attendance or housebound status shall also be awarded for any part of the award’s retroactive period for which entitlement to the additional benefit is established. (2) Date of departure from a hospital, institutional, or domiciliary care at VA expense may constitute the date of receipt of the claim. This is applicable only to aid and attendance benefits. Housebound benefits may be awarded during hospitalization at VA expense. 38 C.F.R. § 3.402 (c)(2).

To preserve an effective date, an intent to file a claim may be submitted to VA. 38 C.F.R. § 3.155 (b). Upon receipt of the intent to file a claim, VA will furnish the claimant with the appropriate application form prescribed by the Secretary. If VA receives a complete application form prescribed by the Secretary, appropriate to the benefit sought within one-year of receipt of the intent to file a claim, VA will consider the complete claim filed as of the date the intent to file a claim was received. 38 C.F.R. § 3.155.

On October 17, 2018, VA received a VA Form 21-0966, Intent to File a Claim for Compensation, from the appellant. The form marked the box for “Survivors Pension and/or Dependency and Indemnity Compensation (DIC)” but did not otherwise identify the benefit sought.

In November 2018 correspondence, VA notified the appellant of how to submit a formal claim for compensation. The appellant was notified that if a formal claim was received within one year and the benefits sought were granted, then the effective date would be from the date the intent to file was received.

On October 22, 2019, VA received a VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits, that included a claim of SMP for aid and attendance. This formal claim was received more than one year after the receipt of the October 17, 2018 Intent to File a Claim. 

Because the appellant’s formal claim of entitlement to SMP for aid and attendance was not received until October 22, 2019, more than one year after the receipt of the intent to file (October 17, 2018), the assignment of an effective date earlier than October 22, 2019 is not warranted.

The Board acknowledges the appellant’s argument that VA received her formal claim only a few days after the one-year window for the Intent to File a Claim. She also essentially contends that not waiving these few days is unfair to her, especially as she had personally dated the claim within the one year window. However, the Board is bound by applicable law and regulations. 38 U.S.C. § 7104 (c). The Board finds the date of receipt of the claim is controlling, as there is no provision in statute or regulation for allowing VA to consider the date the appellant signed the claim. 38 C.F.R. § 3.155. Additionally, the Board is without authority to grant an earlier effective date or grant benefits based on equity. See Harvey v. Brown, 6 Vet. App. 416, 425 (1994); see also Smith v. Derwinski, 2 Vet. App. 429, 432 33 (1992) (No equities, no matter how compelling, can create a right to payment out of the United States Treasury that has not been provided for by Congress).

The Board also acknowledges that it could be averred that entitlement arose by the Disability Benefits Questionnaire (DBQ) for an Examination for Housebound Status or Permanent Need for Regular Aid and Attendance, which Dr. C.E. signed on October 14, 2019. However, as noted, the proper effective date is the later of the date of receipt or the date entitlement arose. 38 C.F.R. § 3.402. In this case, the date of receipt of the claim (October 22, 2019) is later than the date of entitlement (October 14, 2019). Thus, the appropriate effective date for the SMP award is October 22, 2019, the date of receipt. It is also noted that in this case the general rule applies.

The Board concludes the evidence does not support the appellant’s claim for an assignment of an effective date earlier than October 22, 2019 for the grant of SMP for aid and attendance. There is no doubt to be resolved. 

 

The appeal is denied.

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Biswajit Chatterjee, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.